UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAMIAN LAMONT SWINDLE,

        Movant,                            Case No. 1:20-CV-189
                                              (Criminal Case No. 1:17-CR-158)

v.

                                              HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION

On April 27, 2020, the Court issued an Order to Show Cause, requiring Damian Lamont Swindle, to explain why his 28 U.S.C. § 2255 motion should not be dismissed as barred by the one-year statute of limitations. (ECF No. 5.) Swindle has filed a response. (ECF No. 6.) For the reasons stated below, the Court finds that Swindles' motion is barred by the statute of limitations.

### Background

Swindle was convicted of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On March 15, 2018, this Court sentenced him to serve 108 months' incarceration. The Court entered the Judgement on March 16, 2018. Swindle did not appeal within fourteen days of the entry of the Judgment. Instead, Swindle filed a pro se notice of appeal in December 2018. On April 2, 2019, the Sixth Circuit dismissed the appeal as late and instructed Swindle to raise a claim of ineffective assistance of counsel in a motion under 28 U.S.C. § 2255. On March 3, 2020, Swindle filed the instant Motion Under 28 U.S.C. § 2255, To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on March 3, 2020. (ECF No. 1.)

**Discussion**

Section 2255(f) provides:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f).

In his response, Swindle states that his "motion is timely because he filed it on March 3, 2020 within one year of *Rehaif* [*v. United States*, 139 S. Ct. 2191 (2019)], which was decided on June 2019." (ECF No. 6 at PageID.44.)  In other words, Swindle claims that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court recognizing a new right that was made retroactively applicable to cases on collateral review.

The problem for Swindle is that *Rehaif* has not been made retroactively applicable to cases on collateral review.  In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United*

2

*States*, 800 F. App'x 344, 349 (6th Cir. 2020).  Furthermore, the Eleventh Circuit and numerous district courts have determined that *Rehaif* is not retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court."); *United States v Whitmire*, No. 1:17-CR-034, 2020 WL 2216833 at *2 (S.D. Ohio May 7, 2020); *Morris v United States*, No. 1:19-CV-236, 2020 WL 1479603 at *3 (E.D. Mo. Mar. 26, 2020). The Court agrees. Because *Rehaif* does not apply retroactively to cases on collateral review, Swindle's motion is not timely under § 2255(f)(3).

Instead, the statute of limitations in this case is governed by § 2255(f)(1). Swindle had to file his § 2255 motion within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). As the Court explained in the April 27, 2020, Order, Swindle's conviction became final on March 30, 2018. Swindle did not file his § 2255 motion until March 3, 2020. Therefore, Swindle's motion is untimely by almost a year. Furthermore, Swindle does not contend that he is entitled to equitable tolling.

Having concluded that Swindle's motion is untimely, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if a movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Swindle's motion is untimely debatable or wrong. The Court will thus deny Swindle a certificate of appealability.

An Order consistent with this Opinion will enter.

Dated: June 15, 2020                           /s/ Gordon J. Quist
                                      GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE